## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JOHN W. TOWNER, JR.,**

    **Petitioner,**

    v.                               **CASE NO.  20-3083-SAC**

**(FNU) BAKER, Warden,**

    **Respondent.**

## O R D E R

Petitioner filed this matter as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at CCA-Leavenworth, proceeds *pro se*. Petitioner has filed a motion for leave to proceed *in forma pauperis* (ECF No. 2).  Petitioner alleges that prison personnel took some of his property during a mass shakedown without following proper procedures.  He seeks reimbursement in the amount of $120.00, court costs, and fees.

A petition under 28 U.S.C. § 2241 provides the remedy to challenge the execution of a sentence. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). Thus, a petitioner may challenge the fact or duration of his confinement and may seek release or a shorter period of confinement. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n.2 (10th Cir. 2012).  However, claims challenging a prisoner's conditions of confinement do not arise under § 2241.  *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997) (contrasting suits under § 2241 and conditions of confinement claims).

In the present case, Petitioner does not complain of the loss of good conduct time or of any negative impact on the duration of his sentence. Accordingly, he may not challenge the loss of property in a habeas corpus action; rather, he must proceed, if at all, in a civil rights action filed

1

pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).  *See Requena v. Roberts*, 552 F. App'x. 853 (10th Cir. 2014).

The filing fee for a *Bivens* action is $350.00.[1]  Based on Petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 2) and the account information submitted with that motion, he would be granted leave to proceed *in forma pauperis* if he proceeds with a *Bivens* action and would owe an initial partial filing fee.  Although Petitioner would be granted leave to proceed *in forma pauperis,* he would remain obligated to pay the full $350.00 filing fee but would be allowed to do so through payments automatically deducted from his institutional account.  The Court offers no opinion on the merits of such an action.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner is granted until **September 11, 2020,** to advise the Court whether he intends to proceed in this matter under *Bivens*.  If so, he must file his complaint on court-approved forms.  *See* D. Kan. Rule 9.1(a).  If Petitioner fails to file a response, this matter will be dismissed.

The clerk is directed to send Petitioner forms for filing a *Bivens* action under 28 U.S.C. § 1331.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 11th day of August, 2020.**

                                        s/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge

---

[1] The fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.  However, a person granted in forma pauperis status under 28 U.S.C. § 1915 is exempt from paying the $50.00 administrative fee.